UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacob Schlichting, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class, | Case No. 0:22-cv-1602 |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| Jamf Software, LLC, | |
| Defendant. | |

Plaintiff Jacob Schlichting ("Plaintiff Schlichting"), individually and on behalf of the proposed FLSA Collective and Minnesota Rule 23 Class, by and through his attorneys, Nichols Kaster, PLLP and the Law Offices of Peter T. Nicholl, brings this action against Jamf Software, LLC ("Defendant") for damages and other relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 181.101, and Minnesota Payment of Wages Act ("MWPA"), Minn. Stat. § 177.25. Plaintiff states the following as his claims against Defendant:

**PRELIMINARY STATEMENT**

1.  This case is about Defendant's unlawful pay practice that failed to pay its employees for all of their hours worked, including overtime hours, in violation of the FLSA and the MWPA, Minn. Stat. § 181.101, and the MNFLSA, Minn. Stat. § 177.25.

2. As detailed below, Defendant employed sales development representatives ("SDRs"), paid them on an hourly basis, and classified them as non-exempt, but did not pay them for all of the hours they worked, including their overtime hours.

3. As a result of Defendant's intentional and illegal pay practice, SDRs were deprived of their straight time and overtime compensation for their hours worked in violation of Minnesota state law and federal law.

4. Plaintiff Schlichting brings this proposed FLSA collective and Rule 23 class action against Defendant on behalf of all individuals who worked for Defendant as SDRs at any time since three years prior to the filing of this Complaint through the present.

5. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff Schlichting, those similarly situated, and members of the proposed FLSA Collective and Minnesota Rule 23 Class.

## PARTIES

6. Plaintiff Jacob Schlichting is an adult resident of Arvada, Colorado.

7. Plaintiff Schlichting worked for Defendant as an SDR from approximately January 2020 to September 2021.

8. Defendant Jamf Software, LLC ("Jamf") is a domestic corporation with its principal place of business in Minneapolis, Minnesota.

9. Jamf operates an office in Minneapolis, Minnesota.

10. According to online resources, Jamf is a comprehensive management system for Apple macOS and iOS devices. Specifically, Jamf allows IT technicians to proactively

manage the entire lifecycle of Apple devices. This includes deploying and maintaining software, responding to security threats, distributing settings, and analyzing inventory data.

11. Jamf employed SDRs in its office in Minneapolis, Minnesota until approximately March of 2020. After the onset of the COVID-19 pandemic, SDRs, including Plaintiff, worked remotely from their homes.

12. At all relevant times, Defendant's gross annual sales made or business done has been $500,000.00 or greater per year.

## JURISDICTION AND VENUE

13. This action arises under the FLSA, 29 U.S.C. § 201 *et seq*. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

14. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

15. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and because the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

16. Plaintiff Schlichting, the proposed FLSA Collective, and members of the proposed Minnesota Rule 23 Class worked or work for Defendant as SDRs within the past three years.

17. As an SDR, Plaintiff Schlichting's job was to conduct outreach to potential buyers of Defendant's products. These contacts were made in an attempt to generate leads for Defendant's account executives, who were responsible for making the final sale of Defendant's products.

18. Defendant classified its SDRs as non-exempt employees and paid them on an hourly basis.

19. Plaintiff Schlichting, the FLSA Collective, and members of the proposed Minnesota Rule 23 Class have not been paid for all of their hours worked, including overtime hours.

20. Defendant's failure to pay their SDRs for all their time worked resulted in a failure to pay straight time wages for hours under 40 and overtime wages for hours over 40 in a workweek under federal law and 48 under state law.

21. Defendant failed to maintain accurate records of the hours Plaintiff and the other SDRs worked. Specifically, Defendant did not track the specific times SDRs worked each day. Rather, Defendant instructed Plaintiff and other SDRs to record 40 hours per week on their timesheet regardless of whether they worked more. In fact, approximately several months into Plaintiff's employment with Defendant, Plaintiff submitted a timesheet that reflected over 40 hours. Plaintiff's supervisor asked him to remove the overtime hours so that the timesheet only showed 40 hours for the week.

22. Defendant's pattern and practice of not paying SDRS for all of their hours worked was willful.

23. Defendant was aware that Plaintiff and the other SDRs worked overtime. Specifically, Plaintiff and the other SDRs on his team routinely raised their concerns about the number of hours they were working, often with little success in obtaining quality leads, in order to meet Defendant's sales quotas. In addition, management regularly pressured Plaintiff and the other SDRs to make more calls and conduct more outreach to potential customers. Plaintiff informed his supervisor that the volume of calls he was making, emails he was sending, and time spent researching and sourcing new potential leads for customers resulted in him being required to work long hours, resulting in overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff Schlichting re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff Schlichting brings Count I below individually and on behalf of all individuals similarly situated, specifically:

> All persons who worked as sales development representatives for Defendant at any time since three years prior to the filing of this Complaint through the present (the proposed "FLSA Collective").

26. Plaintiff Schlichting and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and have caused significant damage to Plaintiff and the FLSA Collective.

27. Plaintiff Schlichting's written consent form is attached as Exhibit A. As this case progresses, it is likely that other individuals will also sign consent forms and join as "opt-in" plaintiffs.

28. During the applicable statutory period, Plaintiff Schlichting and the other similarly situated SDRs routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation.

29. For example, during the workweek ending August 1st, 2020, Plaintiff Schlichting estimates that he worked approximately fifty (50) hours and was not paid overtime compensation for his overtime hours.

30. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay employees proper overtime compensation.

31. Defendant is liable under the FLSA for failing to properly compensate Plaintiff Schlichting and others similarly situated, and, as such, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## **MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS**

32. Plaintiff Schlichting re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II and Count III individually and on behalf of the following:

All persons who worked as sales development representatives for Defendant in

Minnesota at any time since three years prior to the filing of this Complaint through the present (the proposed "Minnesota Rule 23 Class").

34. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed in excess of one hundred (100) individuals as SDRs during the applicable statute of limitations period. Plaintiff and the proposed Minnesota Rule 23 Class have been equally affected by Defendant's violations of law.

35. There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Minnesota Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Minnesota law by failing to pay current and former SDRs for all wages earned;

   b. Whether Defendant violated Minnesota law by failing to pay current and former SDRs overtime premiums for all hours over 40 per week;

   c. The proper measure and calculation of damages; and

   d. Whether Defendant's actions were willful or in good faith.

36. Plaintiff Schlichting's claims are typical of those of the members of the Minnesota Rule 23 Class. Plaintiff Schlichting, like the other members of the proposed Minnesota Rule 23 Class, were subject to Defendant's practices and policies described in this Complaint.

37. Plaintiff Schlichting will fairly and adequately protect the interests of the proposed Minnesota Rule 23 Class, and has retained counsel experienced in complex wage

and hour class and collective action litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

39. Plaintiff Schlichting intends to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—VIOLATION OF THE FLSA
*On Behalf of Plaintiff and the FLSA Collective*

40. Plaintiff Schlichting, individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

42. At all relevant times, Plaintiff Schlichting and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e)(1).

43. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

44. Plaintiff Schlichting and the FLSA Collective, at times, worked more than forty (40) hours per week for Defendant and were not compensated for all of their overtime hours worked.

45. By failing to pay proper overtime, Defendant violated the FLSA.

46. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

47. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Schlichting and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff Schlichting and the FLSA Collective are entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

### COUNT II – VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT
*(On behalf of Plaintiff and the Putative Minnesota Rule 23 Class)*

48. Plaintiff, individually and on behalf of the proposed Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

49. Plaintiff and the putative Minnesota Rule 23 Class were or are employees of Defendant and Defendant was their employer within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

50. The MFLSA requires employers to pay their employees for hours worked in excess of 48 in an individual work week at a rate no less than 1.5 times their regular hourly rate of pay.

51. When Defendant denied Plaintiff and the putative Minnesota Rule 23 Class overtime wages, it violated the MFLSA.

52. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

54. Plaintiff and the proposed Minnesota Rule 23 Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the MFLSA.

**COUNT III – VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT**
*(On Behalf of Plaintiff and the Proposed Minnesota Rule 23 Class)*

55. Plaintiff Schlichting, individually and on behalf of the proposed Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

56. Defendant is or was Plaintiff's and the proposed Minnesota Rule 23 Class's employer within the meaning of Minn. Stat. § 181.171(4).

57. At all times relevant, Plaintiff and each member of the Minnesota Rule 23 Class members was an "employee" of Defendant under Minn. Stat. § 181.101.

58. Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals.

59. For purposes of Minn. Stat. § 181.101, wages are earned on the day an employee works and Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages, including salary, earnings, and gratuities, as well as commissions, in addition to the right to be paid at certain times.

60. Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns must be paid in full no later than the next regularly scheduled payday.

61. Defendant, pursuant to its pay practice, refused and failed to pay the Plaintiff and the proposed Minnesota Rule 23 Class for all of their hours worked.

62. By failing to properly compensate Plaintiff and the proposed Minnesota Rule 23 Class, Defendant violated, and continues to violate consultants' statutory rights under Minn. Stat. §§ 181.101, 181.13, and 181.14.

63. Defendant's actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. § 541.07(5).

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Schlichting and the proposed Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

65. Plaintiff and the proposed Minnesota Rule 23 Class seek damages in the amount of their unpaid straight-time wages for all hours worked, reasonable attorneys' fees

11

and costs for this action, pre- and post-judgment interest, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Schlichting, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment against Defendant for an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rates;

c. A finding that Defendant's violations of the FLSA are willful;

d. An amount equal to Plaintiff's and those similarly situated employees' damages as liquidated damages;

e. All costs and attorneys' fees incurred prosecuting this claim;

f. An award of any pre- and post-judgment interest;

g. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

h. All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff Schlichting as a class representative, individually and on behalf of the proposed Minnesota Rule 23 Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class, and the appointment of Plaintiff Schlichting as a class representative and his counsel as class counsel;

b) Judgment against Defendant for an amount equal to Plaintiff Schlichting's and the proposed Minnesota Rule 23 Class' unpaid wages including overtime wages;

c) For judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of overtime provisions of the MFLSA;

d) For judgment that Defendant's conduct as described herein be determined and ajdudicated to be in violation of the MWPA;

e) A finding that Defendant's violations of the MFLSA and MWPA were willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of any pre- and post-judgment interest;

h) Any applicable liquidated damages; and

i) All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Schlichting, those similarly situated, and members of the proposed Minnesota Rule 23 Class demand a trial by jury.

Dated: June 17, 2022                                   **NICHOLS KASTER, PLLP**

/s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
H. Clara Coleman, MN Bar No. 0401743
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
ccoleman@nka.com

Benjamin L. Davis, III, MD Bar No. 29774
THE LAW OFFICES OF PETER T. NICHOLL
36 S. Charles Street, Suite 1700
Baltimore, MD 21201

Telephone: (410) 402-5290
bdavis@nicholllaw.com

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED