UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JACOB SCHLICHTING, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class, | Case No. 22-CV-1602 (NEB/DJF) |
| Plaintiff, | ORDER |
| v. | |
| JAMF SOFTWARE, LLC, | |
| Defendant. | |

The parties filed a Joint Stipulation for Approval of Settlement and for Dismissal asking the Court to (1) approve the terms of their FLSA[1] settlement, (2) dismiss the claims of the Settling Plaintiffs[2] with prejudice, and (3) dismiss the Rule 23 class allegations under Minnesota state law asserted in the complaint without prejudice.[3] (ECF No. 56

---

[1] The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

[2] The "Settling Plaintiffs" comprise the named plaintiff Jacob Schlichting and opt-in plaintiffs Ian Adams, Ryan Anderson, Taylor Arms, Eric Ianello, Kimberly Jimenez, and Alex Theisen. (ECF No. 56 at 1–3; *see* ECF Nos. 16, 23, 38–42, 53.)

[3] Because the Eighth Circuit has only "assum[ed] that judicial approval was required for the FLSA claim," it is not clear that court approval is necessary. *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021); *see id.* at 854 n.1; *Shanley v. Evereve, Inc.*, No. 22-CV-0319 (PJS/JFD), 2022 WL 17076753, at *2–8 (D. Minn. Nov. 18, 2022) (summarizing conflicting circuit case law on FLSA settlements and concluding that judicial approval of FLSA settlements is necessary).

("Stip.").) Courts have approved a proposed FLSA settlement agreement after determining that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017).

*Bona fide dispute.* "A settlement addresses a bona fide dispute when it reflects a reasonable compromise over issues that are actually in dispute." *Id.* The complaint alleges that Jamf Software, LLC failed to pay named plaintiff Jacob Schlichting and other Jamf employees for all the hours they worked, including overtime hours, in violation of the FLSA and Minnesota state law. (ECF No. 1 ¶ 1 (citing Minn. Stat. §§ 181.101 and 177.25).) Jamf denies that it owes any wages or damages to Schlichting or other employees. (*See, e.g.*, ECF No. 9 ¶¶ 1, 4; Stip. at 6.) This is a bona fide dispute. *See Seow v. Miyabi Inc.*, No. 19-CV-2692 (JNE/DTS), 2021 WL 3616894, at *1 (D. Minn. July 15, 2021) ("The threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." (citation omitted)).

*Fair and equitable settlement*. In deciding whether a settlement is fair and equitable to all parties, the Court may consider several factors, including:

> (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

2

*Stainbrook*, 239 F. Supp. 3d at 1126. The parties represent that they engaged in written discovery and participated in extended settlement negotiations, including an all-day mediation, before settling. (Stip. at 2; *see* ECF No. 51 at 1, 8 (noting that mediation failed, and encouraging the parties to continue to discuss settlement)); *see Netzel v. W. Shore Grp., Inc.*, No. 16-CV-2552 (RHK/LIB), 2017 WL 1906955, at *6 (D. Minn. May 8, 2017) ("Courts have held that negotiations involving counsel and a mediator, like the present case, raise a presumption of reasonableness."). Both the Settling Plaintiffs and Jamf are represented by counsel with extensive experience in wage and hour litigation.[4] The parties disagree about the Settling Plaintiffs' likelihood of success on the merits but agree that the settlement is a reasonable compromise of the disputed issues. (Stip. at 3.)

Jamf has agreed to pay the Settling Plaintiffs a reasonable sum for a release of claims and forgo the time and cost of additional litigation. In exchange for dismissing this action, execution of the Settlement Agreement and a release of claims by each of the Settling Plaintiffs, and certain representations and stipulations set forth in the Stipulation, Jamf agrees to pay the Settling Plaintiffs an aggregate amount of $60,000 for alleged unpaid wages and liquidated damages to resolve all claims alleged in the action and

---

[4] *See Netzel*, 2017 WL 1906955, at *6 ("Nichols Kaster firm is well known for its experience in wage and hour litigation, and the Courts have found the firm competent and capable of representing a class or collective." (collecting cases)); Littler, John H. Lassetter, https://www.littler.com/files/lawyer-biography/john_h_lassetter.pdf [https://perma.cc/KL9E-5PKL] (explaining that counsel represents employers in collective, class, and hybrid actions brought under the FSLA and state wage and hour laws).

related wage claims. (*Id.* at 3–7.) Jamf also agrees to pay Nichols Kaster, PLLP $80,000 for attorneys' fees and costs.[5] (*Id.* at 5.) The parties and their counsel believe that the terms of the settlement are fair, reasonable, and in the best interests of the parties. (*Id.* at 3.) Finally, there is no evidence of overreaching by Jamf. The settlement does not implicate the interests of non-parties because the Rule 23 class allegations under Minnesota law are to be dismissed without prejudice.

Having considered the *Stainbrook* factors, the Court concludes that the terms of the settlement are a fair compromise of the Settling Plaintiffs' claims and are fair and equitable to all parties.

Based on the above and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The terms of the parties' resolution of the Settling Plaintiffs' claims for unpaid wages and liquidated damages are APPROVED as a fair and

---

[5] The parties represent that they negotiated an attorneys' fees and cost payment separate from the settlement amount. (Stip. at 5.) The Court may not approve a FLSA settlement "without first ensuring that 'the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim' and that 'there was no conflict of interest between the attorney and his or her client.'" *Shanley*, 2022 WL 17076753, at *10 (citing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019)); *see Vines*, 9 F.4th at 854 ("So long as 'the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.'" (citing *Barbee*, 927 F.3d at 1027)).

4

reasonable resolution of a bona fide dispute over unpaid wages under the Fair Labor Standards Act;

2. The Settling Plaintiffs' claims asserted in the complaint are DISMISSED WITH PREJUDICE; and

3. The Rule 23 class allegations under Minnesota state law asserted in the complaint are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 29, 2024                    BY THE COURT:

                                                               s/Nancy E. Brasel
                                                               Nancy E. Brasel
                                                               United States District Judge